**So Ordered.**



Frank L. Kurtz
Bankruptcy Judge

**Dated: March 14th, 2013**

UNITED STATES BANKRUPTCY COURT

IN AND FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | No.: **12-02173-FLK11** |
| **LEROY J. & IRENE ANN BYRD, d/b/a Byrd Family Limited Partnership; d/b/a Logan Square, LLC; d/b/a Geiger & Electric 90, Partnership; d/b/a Hi-Tech Post Falls, LLC; d/b/a Rowan Medical & Diagnostics, sole proprietorship; d/b/a Rowan Research, Inc., d/b/a KBFB, LLC; and d/b/a KBF, LLC,** | Chapter **11** <br><br> **FINDINGS OF FACT** |
| Debtors. | |

**THIS MATTER** coming before the Court for hearing on March 11, 2013, upon the issues raised by Debtors' request for confirmation of Debtors' First Amended Plan of Reorganization, filed herein on November 2, 2012, under docket number 119 (the "Plan"), and based upon the evidence produced, the Court now makes the following:

Findings of Fact-1

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS AT LAW
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

# FINDINGS OF FACT

1. Debtors' Plan was submitted to Creditors and other parties in interest;

2. The Plan has been accepted in writing by the creditors and equity security holders whose acceptance is required by law;

3. The provisions of Chapter 11 of the United States Code have been complied with and the Plan has been proposed in good faith and not by any means forbidden by law;

4. (a) Each holder of a claim or interest has accepted the Plan or will receive or retain under the Plan property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under Chapter 7 of the Code on such date, or (b) the Plan does not discriminate unfairly, and is fair and equitable with respect to each class of claims or interests that is impaired under, and has not accepted the Plan;

5. All payments made or promised by the Debtors or by a person issuing securities or acquiring property under the Plan or by any other person for services or for costs and expenses in, or in connection with, the Plan and incident to the case, have been fully disclosed to the Court and are reasonable and are hereby approved, or, if to be fixed after confirmation of the Plan, will be subject to approval of the Court;

6. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization of the Debtors, or (b) if the Plan is a plan of liquidation, the Plan sets a time period in which liquidation will be accomplished, and provides for the eventuality that the liquidation is not accomplished in that time period;

Findings of Fact-2

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

12-02173-FLK11    Doc 214    Filed 03/14/13    Entered 03/14/13 12:45:15    Pg 2 of 7

7. Pursuant to the Plan, the following acts or events constitute substantial consummation of the Plan: sixty (60) days following Confirmation, provided that Debtors have paid all installments provided by this Plan to be paid within that time;

8. Creditors were given Notice of Confirmation and no objections thereto were made, or if made, have been withdrawn, resolved or overruled;

9. It is proper that the Plan be confirmed, subject to the following:

   a. The Plan is amended to provide that, notwithstanding any provision in the Plan to the contrary, the Debtors surrender and abandon their interest in that real property commonly known as 6300 E. Seltice Way, Post Falls, Idaho (the "Collateral"), securing the claim of Global Credit Union ("Global"), to Global in full satisfaction of the secured portion of Global's claim hereunder. To the extent Global's post-confirmation execution of its rights against the Collateral does not fully satisfy Global's claim resulting in Global having an unsecured deficiency under applicable law, Global shall be allowed to amend its proof of claim filed herein on July 12, 2012 under claim docket number 7-1, post confirmation, to include the amount of said unsecured deficiency, if applicable, and as to the Debtors only, Global shall be treated as the holder of an unsecured claim under Class 22 (Unsecured Creditors) and its allowed unsecured claim against the Debtors only will be paid as the holder of a Class 22 claim. The entry of the order confirming the Plan shall terminate the automatic stay of 11 U.S.C. §362(a) as to the collateral surrendered, thereby allowing recovery and disposition of such collateral according to applicable non-bankruptcy law.

Findings of Fact-3

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

12-02173-FLK11    Doc 214    Filed 03/14/13    Entered 03/14/13 12:45:15    Pg 3 of 7

Global's rights under its agreements with the Debtors and other parties and Global's rights under applicable law, as to its enforcement of the full amount of its claims against the Collateral, any guarantors or other parties liable to Global, other than the Debtors, including its rights to foreclose and otherwise enforce its security interests, are not modified by the Plan in any way. Global will retain all of its security interests without modification and will be able to pursue the full amount of its claims with respect to the enforcement of its security interests and any post-foreclosure unsecured claims without modification, except as to an unsecured claim against the Debtors only as set forth above. Articles VII, VIII, IX, XI and XII of the Plan do not apply to or modify Global's secured claim, its security interests or its loan documents as to its enforcement of its claims against the Collateral, any guarantors or other parties liable to Global, other than the Debtors;

b. Notwithstanding any provision in the Plan to the contrary, the language under Article X, page 21, lines 7-11, which states:

> "Within one hundred and eighty (180) days of the Effective Date (Art I, def. #19), Debtors shall have the right to elect to retain their interests or either interest they have in Trendwest and/or Vacation International (see: Art. I, def. #25), their interest in Logan Square, LLC, Hi-Tech Property, 140 shares of Flathead Holding Co., any Miscellaneous Stocks, Interests, and Partial Entity Interests, and/or any specific piece of Equipment listed on the schedule of equipment. (see: Exhibit B). The election may be made by filing a notice of such with the Court and giving notice to the master mailing list. The notice shall state the price(s) Debtors are willing to pay for either or both interest(s), or terms of proposed retention(s). Creditors shall have an opportunity to object to the same."

is hereby deleted as a provision of the Plan;

Findings of Fact-4

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

12-02173-FLK11    Doc 214    Filed 03/14/13    Entered 03/14/13 12:45:15    Pg 4 of 7

c. Notwithstanding any provision in the plan to the contrary, Debtors shall have a non-exclusive right to submit an offer(s) to purchase from the Chapter 11 Bankruptcy Estate any of the Trendwest and/or Vacation International (see: Art. I, def. #25), their interest in Logan Square, LLC, Hi-Tech Property, 140 shares of Flathead Holding Co., any Miscellaneous Stocks, Interests, and Partial Entity Interests, and/or any specific piece of Equipment listed on the schedule of equipment (see: Exhibit B), with the acceptance of any such offer(s) subject to and After Notice and Hearing (Art. 1, def. # 3). In any offer to purchase submitted by Debtors, Debtors in their individual capacity only, waive any right of set-off and/or a credit bid in such offer to purchase;

d. Notwithstanding any provision of the plan to the contrary, any settlement of any claim(s) and/or decision not to prosecute any third party claim(s) shall be only After Notice and Hearing (Art. 1, def. # 3);

e. Notwithstanding any provision in the plan to the contrary, subject only to paragraph c above, the Debtors' interest in the One Hundred and Forty Shares of Flathead Holding, Co. stock and Debtors' interest in the Jewell Basin Real Estate (Art. 1, def. # 24) shall be sold the same as the other property to be sold under the Plan, and the Net Proceeds of Sale (Art. I, def. #27) shall be disbursed, to the extent sufficient, as follows:

<u>first</u>, the Allowed Claims of Class 1 (Administrative) pro rata until paid in full;

Findings of Fact-5

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

12-02173-FLK11    Doc 214    Filed 03/14/13    Entered 03/14/13 12:45:15    Pg 5 of 7

second, the Allowed Claim of Class 3 (IRS), to the extent tax liability is created by the sale;

third, the Allowed Claims of Class 2 (Wages) pro rata until paid in full;

fourth, the Allowed Claim of Class 3 (IRS) until paid in full; and

fifth, the Allowed Claims of any Class 22 (Unsecured Creditors), pro rata;

f. Debtors will file a quarterly report which will disclose and set forth Debtors' reasonable, good faith efforts to market and sell property to be sold under the Plan during the period, any offers received, and the status of any pending sales. If any creditor reasonably believes Debtors are not exercising reasonable efforts to market and sell the property proposed to be sold under the Plan, including the advertised sales price, said creditor may file a request with the Court, and After Notice and Hearing (Art. 1, def. # 3), the Court may order the sales price, terms, and/or marketing efforts revised;

g. Notwithstanding any provision in the Plan to the contrary, any non-exempt property shall not be abandoned back to the Debtors until after Notice and Hearing;

h. The objection by Banner Bank to confirmation of Debtors' Plan and claim of homestead exemption in Debtors' Home (Art. 1, Def. #16) are hereby withdrawn by Banner Bank in their entirety, and Debtors' claim of exemption in Debtors' Home (Art. 1, Def. #16) is hereby allowed in the full amount claimed as exempt;

Findings of Fact-6

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

12-02173-FLK11    Doc 214    Filed 03/14/13    Entered 03/14/13 12:45:15    Pg 6 of 7

      i.      The objection by Global Credit Union to confirmation of Debtors' Plan is hereby withdrawn by Global Credit Union in its entirety; and

      j.      Notwithstanding any provision of the plan to the contrary, paragraph 2, page 21 of the Plan is hereby modified to provide that if any individual partner, member, or shareholder of the applicable Class referenced in paragraph 2, page 21 of the Plan submit an offer(s) to purchase Debtors' ownership interest in said Classes, the acceptance of any such offer(s) shall be only After Notice and Hearing (Art. 1, def. # 3).

///END OF ORDER///

PRESENTED BY:

SOUTHWELL & O'ROURKE, P.S.

BY: s/ Kevin O'Rourke_____
     KEVIN O'ROURKE, WSBA #28912

Findings of Fact-7

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

12-02173-FLK11   Doc 214   Filed 03/14/13   Entered 03/14/13 12:45:15   Pg 7 of 7